IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONNE BATTLE,

        Plaintiff,                    No. CIV S-06-0171 LKK GGH P

    vs.

TERESA SCHWARTZ, et al.,

        Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend by order filed on May 9, 2006. Plaintiff has filed an amended complaint.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint states a colorable claim for relief against defendants Chief Medical Officer (CMO) Raymond Andreasen and Dietician Patty Pinkerton, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff names as additional defendants California Medical Facility - Vacaville (CMF-V) Warden Teresa Schwartz; Chief Deputy Medical Director Nadim Khoury; Ward Physician Kenneth Low; Correctional Lieutenant M. Pulsipher; E. Mitchell.  Amended Complaint (AC), pp. 1, 3-4.

Plaintiff, a 30-year old paraplegic, alleges that defendants have discriminated against him and subjected him to cruel and unusual punishment.  However, plaintiff has failed to cure some of the defects of his original complaint.  For example, plaintiff alleges that he received a food package in January, after which his primary care physician wrote an order permitting him to eat it but "some lady named Cathy Douglas" came and told Dr. Dhillon he did not have the

authority to make that decision. AC, p. 2. Plaintiff does not state how not being allowed a food package implicates the Eighth Amendment; moreover, the individual named Cathy Douglas to whom he ascribes his not being allowed to have the package is not named as a defendant.

In another allegation, plaintiff claims that a nurse named Tracy Sadler came into his dorm housing unit where plaintiff was alone and asleep and proceeded to beat plaintiff for 15 minutes, after which she got another nurse, Diane Wilson, to come back in with her and began to push plaintiff around for another few minutes until Wilson told her to stop. AC, p. 7. When plaintiff reported the incident to Supervisor Brian Reynolds, nothing was done. Id. Plaintiff, however, once again does not name any of these individuals as defendants, although his allegations against them appear to be cognizable under the Eighth Amendment. Plaintiff will be granted one further opportunity to amend his allegations.

Plaintiff once again alleges that inmates in other units have been allowed to purchase personal food from the canteen and from "special food sales" and also have access to a microwave, but that only the inmates in his unit are restricted to doctor-prescribed special diets. AC, p. 11. Plaintiff alleges that other inmates are allowed free ice cream. AC, p. 11.

Defendant Pulsipher took the microwave only from plaintiff's unit and, when confronted as to why, offered no explanation other than that plaintiff's unit should not have one. AC, p. 4. Defendants Warden Schwartz and Chief Deputy Medical Director Khoury have signed documents that "blatantly" discriminate against plaintiff, although once again plaintiff does not describe the documents or how they are discriminatory, with the exception of stating that Khoury signed a statement that plaintiff's hospital housing unit could not have access to a microwave, although plaintiff alleges that inmates on the mainline have one. AC, p. 4. Plaintiff's claims as to these defendants are simply too vague and conclusory.

Defendants Pulsipher and Khoury conspired with respect to the removal of the microwave in putting a memo out signed by defendant Khoury that inmates (apparently in-patient inmates) could not have a microwave any longer. Id., at 4. The administration told plaintiff that

3

he could only eat what defendant Dr. Low ordered for plaintiff. AC, p. 3. Defendant Mitchell denied an undescribed appeal from plaintiff at the second level. AC, p. 4.

As plaintiff was previously informed with regard to his claims of being subjected to cruel and unusual punishment and discrimination and violations of due process and equal protection by being deprived of access to the canteen or a microwave or free food or mailed food packages as an inmate in-patient, plaintiff's claims are simply not colorable. Plaintiff is not constitutionally entitled to access to a canteen and a microwave or free food, even if such items have been arbitrarily removed. "[T]he routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry...." Johnson v. Lewis, supra, at 731. Nor does the removal of a microwave or restriction from canteen items or free food state a due process or equal protection violation. Access to such items may be construed as privileges, not rights, particularly in light of the fact that plaintiff states that his diet is being doctor-prescribed. All defendants against whom plaintiff makes claims related to these items will once again be dismissed, but plaintiff will be granted one further opportunity to amend his allegations.

As for plaintiff's allegations with respect to the processing of administrative appeals, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a

4

constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]  Plaintiff's due process claims against defendant Mitchell with respect to his second level administrative appeal denial will be dismissed.

Plaintiff's conspiracy claims are not colorable.  Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  Moreover, plaintiff does not show an actual deprivation of his constitutional rights resulting from the alleged conspiracy.  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)citing Singer v. Wadman, 595 F. Supp. 188 (D. Utah 1982) ("conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights").  Plaintiff's conspiracy claims will be dismissed.  Plaintiff will be granted one further opportunity to amend his allegations.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's claims against defendants Schwartz, Khoury, Low, Pulsipher and Mitchell are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

        2. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 11/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
batt0171.b1