IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONNE BATTLE,

        Plaintiff,                    No.  CIV S-06-0171 LKK GGH P

   vs.

TERESA SCHWARTZ, et al.,

        Defendants.             <u>ORDER</u>

_____/

        A suggestion of death upon the record of the plaintiff in this prisoner civil rights action was filed by defendants' counsel on January 22, 2008 (# 25), after which the court ordered that, pursuant to Federal Rule of Civil Procedure 25(a)(1), a motion for substitution of a proper party must be made within ninety days. <u>See</u> Order, filed January 29, 2008 # 26).  When an individual identifying herself as Andrea Haygood, plaintiff's daughter, filed a letter asking that she and her brother be substituted in for plaintiff, the court vacated its May 19, 2008 (# 28), findings and recommendations for dismissal of this action which had been based on the ground that no Rule 25(a)(1) motion for substitution had been filed.  <u>See</u> Order, filed on May 28, 2008 (# 30).  In the May 28, 2008, Order, the court ordered that the personal representative of the

1

deceased plaintiff's estate file a motion for substitution of the estate as plaintiff in this action within 45 days, and directed that the order be served both on Ms. Haygood and separately upon her brother, Anthony Battle.

By a filing, dated July 7, 2008 ( # 32), Ms. Haygood filed a very abbreviated letter, which she characterized as a motion for substitution of the estate as plaintiff, asking the both she and her brother be substituted in as the proper parties.  The informal letter contained only her own signature and was not attached to a formal motion; nor did Ms. Haygood attach any exhibit or provide any official documentation indicating that she and/or her brother have been formally designated the personal representative or the executor of her (or their) father's estate.  Ms. Haygood and/or Mr. Battle must demonstrate that she and/or he is proceeding with the formal authority to act on behalf of their father's estate.  That is, in order to proceed in this action, they must do more than simply assert that either of them is the personal respresentative of their father's estate.  Estate of Garcia-Vasquez v. County of San Diego, 2008 WL 4183913 *6 (S.D. Cal. 2008)  ("[a] decedent's estate is no more than a collection of assets and liabilities, and requires a real party in interest, *such as a duly appointed executor or administrator of the estate*, for purposes of pursuing litigation." [Emphasis added]).[1]

Accordingly, IT IS ORDERED that:

1. The Haygood letter, construed as a motion for substitution of the estate as plaintiff in this matter, filed on July 7, 2007 (# 32), is denied as insufficiently supported and otherwise defective.

2. The personal representative of deceased plaintiff's estate must file a properly supported motion for substitution of the estate as plaintiff in this action within 45 days; failure to

---

[1] In Estate of Garcia-Vasquez, supra, at *2, *6, the court found, inter alia, as a matter of law that the decedent had "no official personal representative who may commence or maintain an action...with respect to those causes which may have survived his death," where the individual seeking to proceed on behalf of plaintiff's estate was the "self-described personal representative...." who lacked "any formal authority to act" on the estate's behalf.

1  do so will result in a recommendation of dismissal of this action;

        3.  The Clerk of the Court is directed to serve a copy of this order by U.S. Mail upon Andrea L. Haygood/ 2725 Meriwether Rd./ Shreveport, LA  71108, and upon Anthony T. Battle/ 10311 Columbia Ave. / Cleveland, OH  41108.

DATED: November 4, 2008

          /s/ Gregory G. Hollows
          GREGORY G. HOLLOWS
          UNITED STATES MAGISTRATE JUDGE

GGH:009
batt0171.ord2